Prince Rolle
Petitioner

v.

UNITED STATES OF AMERICA
RESPONDANT/PLAINTIFF

CASE NO:
CR-103-ORL-28DAB    2013 NOV 22 AM 11:30

6:13-CV-1820-ORL-28DAB

## MEMORANDUM OF LAW IN SUPPORT OF HABEAS CORPUS MOTION UNDER TITLE 28 U.S.C 2255 (f)(3) AND (n)(2) TO vacate, setaside, or correct imposed sentence

Comes now, Prince Rolle, Pro-SE respectfully moving this Honorable Court to correct his illegal imposed sentence under the authority of (Spencer v.United States,(11th Cir. no-10-10676,3-15-13) Alleyne v.United States 133 S.ct 2151 (2013). Shepard v.United, 544 U.S. 13,125 S.ct 1254, 161 L.Ed.2d 205(2005).McQuiggins v.Perkins (2013).Begay v.United States, 533 U.S. at 128 S.ct 1583(2008).

As a Pro-se litigant and a federal prisoner alleging that, he is custody in violation of his Constitutional Right and habas corpus principles, thus ne proceeds by filing a motion vacate,setaside or correct his flawed or illegal sentence under 28 U.S.C. §2255(f)(3) and(h)(2) using the gateway of the Actual Innocent standard which this petitioner will show. This motion must be in the circuit where the prisoner was tried,convicted and/or sentenced. Section 2255 provides four grounds for relief:"the sentence was imposed in violation of the Constitution or laws of the United States" 2)"the court was without jurisdiction to imposed such sentence" 3)the sentence was in excess of the maximum authorized by law", and 4)"the sentence is otherwise subject to collateral attack. "Despite this seemingly broad language the United States Supreme Court has indicated that §2255 relief, should be granted only in cases where a fundamental Defect caused a "Complete Miscarriage of Justice," SEE Davis v.United States 417 U.S. 333,345 41 L.Ed.2d 19,119 94 S.ct 2298, 205(1974).

The vehicle by which a federal prisoner mat use in attacking his sentence in concerns to vacate,setaside,or correct the proceedings is §2255. Petitioner is seeking relief under §2255 (f)(3) and (h)(2) which states in relevant part!
f)(3) the date on which the right asserted was initially recognized by the Supreme Court,and made retroactively applicable to case(s) on collateral review:

(h)(2) a new rule of constitutional law,made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Therefore, petitioner contends that this court has jurisdiction over this matter,because it:) Applied the enhancemnet(s) to petitioner by judical review or perponderence of the evidence standard 2)the record was establisned in his court and tnerefore,the record is conclusive and clear concerning Rolle's sentence,and 3)the district court has the juridiction and authority to correct petitioner's sentence because he is "Actually Innocent" of the enhancement(s) and sentence imposed by this sentencing court.

In recently decided case the eleventh circuit of appeals stated "erroneous career offender catergorization not" ordinary or garden variety guidline error. Instead, it is a fundamental defect that inherently results incomplete miscarriage of justice which presents a exceptional circumstance where the need for a post conviction remedy is appropriate and apparent.

This petitioner recieved(9) criminal history points for juvenile convictions whcih increased his criminal history category and ultimately the sentence he imposed by this court.

The U.S.S.G. guideline manual states under 4A1.2(d)(2)(A) add 2 points under 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within 5 years of commencement of the instant offense.

paragraph 40:1/14/01, age 14 add 2pts

paragraph 41:9/16/01, age 15 add 2pts

paragraph 42:11/30/01, age 15 add 2pts

When we look at pargraph 40 of P.S.I. it reads count(1) trespass on school grounds disposition 1 year community control, count(2) nolle prossed note the defendant is <u>14 years old</u> [*<u>note</u> date of expiration*]

Paragraph 41 of P.S.I. states aggravated assault 2)aggravated assault with weapon juvenile count [<u>indetermined sentence</u> how then could this petitioner receive any criminal history points for a juvenile crime at age 15 when no sentence is determined See paragraph 42 of P.S.I. CTS(1) and(2) count(1)armed burglary conut(2) grand theft of firearm once again <u>indetermined sentence</u> .

Paragraph 43 age 15 burglary of astructure no-sentence is mentioned that petitioner received.

Paragraph 44 3/31/02 escape during transit no-sentence is given.

According to 4A1.2(d)

<u>OFFENSES COMMITTED PRIOR TO AGE EIGHTEEN</u>

(1) if the defendant was convicted as an adult and recieved a sentence of imprisonment exceeding one year and one month, add 3 pts under 4A1.1(a) for each such sentence (2) In any other case (A) add(2)pts under§4A1.1(b) each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense.

Petitioner avers that he was 19 according to the expiration date of juvenile jurisdiction yet this petitioner turned 18 years of age on <u>march 7th 2004</u> accordingly to the state law all juvenile sentences expired on petitioner's eignteenth birthday, not on his 19th birtnday which the government and probation office led this court to believe.

Petitioner states this mistake or sentence manipulation cost this petitioner alot of extra time and violated his fifth and sixth amendment rights.

In alleyne the court decided that, raising the floor of a sentence is no different than raising the ceiling. Without a reasonable doubt standard, it is a violation of any defendants sixth amendment right to have facts that may increase his sentence not submitted to jury and proven beyond a reasonable doubt.

Petitioner asks this Honorable Court how could he receive any criminal history points for any juvenile conviction this defendant plead guilty to the instan offense december 11th 2009, was accepted on Jan 7th 2010, when we look at the date on supposedly this petitioner juvenile conviction or when he became an adult once again petitioner states and according to his P.S.I. paragraph 45 he was 18 years old on 5-08-04 when he caught his first adult case. According to birth records his 18th birthday would be on 3-07-04 not 3-07-05.

Withouth the extra(9) points he received for the juvenile convictions which he snould not have received he has a total of 6 criminal history points which would place petitioner Rolle in category III offense level 23 sentencing range of 57-71 months instead of the category VI offense level 92-115 on which he was sentenced too. Petitioner statess these enhancement(s) or extra points this count adopted by the perponderence of the evidence or judical review violated this petitioner fifth amendment right to not be deprived of life, liberty or limb and his sixth amendment right to have a trial by impartial jury, with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt <u>U.S. v.Gaudin,</u> 513,510 (1995):In rewindship, 397 U.S. 358 364 1970. The substance and scope of this right depend upon the proper designation of the facts that are elements of the crime.

"Actual Innocence" may be raised at any time; this petitioner submits he has neither waived nor is he procedurally barred. UNder the "Actual Innocence standard, this Honorable Court has the power to address the merits of petitioner issue to be sure, the Supreme Court has held in appropriate case principles the concepts of cause and prejudice must yeild to the imperative of correcting a Fundamentally unjust incarceration and that where a constitution violation has probaly resulted in the conviction of one who is" Actually Innocent" a federal court may grant tnis writ even in the absence of a showing of cause for procedural default.

The Supreme Court recently held that a showing of actual innocence works to "overcome" AEDPA's staute of limitation. When faced with a "convincing" actual innocence claim, McQuiggin makes clear, a court cannot consider a petioner's untimeliness as "an absolute barrier to relief". The touchstone of the inquiry is wnether a petitioner evidence is more likely than not that no reasonable juror would have convicted [him] to assess that question a court must survey all the evidence. Old and new, inerminuting and exculpatory without regard to wether it would

necessarily be admitted under rules of admissibilty that would govern at trial. "House v.Bell 547 U.S. 518,538 126,S.ct 2064 165 L.Ed. 2d (2006).

Petitioner asks this Honorable Court to correct his sentence. Petitioner also states no-shepard approved documents were used to decide what he may or may not have been sentenced too.

For the following reasons this petitioner request to be brougnt back to be resented without the juvenile points which should not have been used in the begining.

Respectfully Submitted

*Prince Rolle*

## CERTIFICATE OF SERVICE

I, Prince Rolle, do hereby certify under the penalty of perjury (28 U.S.C. 1746) that I have served a true and correct copy of the following document(s):

> One original and two copies of petitioner's §2255 application, with memorandum of law to the United States District Court Middle District of Florida Orlando Division and have also forwarded one copy to the United States Attorney(s) office

Which pursuant to **Houston v.Lack** 487,U.S.266,101 L.Ed 2d 245 108 S.ct 2379(1988), is deeemed filed at the time it was delivered to prison authorities for forwarding to the court and service upon parties to litigation and/or their attorney(s) of record.

I have placed the above referenced material in a properly sealed envelope with first class postage(stamps) affixed and I address it to:

Clerk's Office, United States District Court   Emmett J Boggs
George C. Young U.S. Court and Federal Building   501 West Church St
80 North Hugney Avenue, Room 300   Suite 300
Orlando, FL 32801   Orlando, FL 32805

DATE: 11-19-2013   SIGNED: Prince Rolle